UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

JOSEPH JOHN VIOLA,
aka GIUSEPPE VIOLA

    Debtor.

Case No: C 11-0817 SBA
[Bankr. Case No. 10-30904 DM]

**ORDER**

Docket 19

    The parties are presently before the Court on debtor Giuseppe Viola's motion for an emergency stay of the bankruptcy court's order authorizing the sale of vehicles. Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Viola's motion for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

**I.**    **BACKGROUND**

    **A.**    **ARIZONA FRAUD**

    In 1984, Joseph Viola was convicted of securities fraud in Arizona, and served a five-year prison term in an Arizona state penitentiary. Dkt. 10; Dkt. 12-2 at 60-80; Dkt. 12-3 at 81-100; Dkt. 12-4 at 101-125. Upon his release, he was again convicted of additional securities fraud charges. Dkt. 12-7 at 198-200. In 1990, Joseph Viola was released pending trial on the additional crimes. Dkt. 12-6 at 190; Dkt. 13-4 at 267-271; Dkt. 13-6 at 295. He flew to Los Angeles, obtained a duplicate passport and flew to Milan, Italy. Id. Joseph Viola remained a fugitive until 2010. Id. at 295. In 2010, he was arrested in San Francisco, and extradicted to Arizona. Id. A jury found Joseph Viola guilty of all charges of securities fraud. Dkt. 14, Ex. 1. Joseph Viola is currently serving his sentence in Arizona. Id.; Dkt 24.

### B. SAN FRANCISCO FRAUD

In the 1990s, Guiseppe Viola appeared in San Francisco with a further securities fraud scheme.  Dkt. 12-6 at 188-190.  Guiseppe means Joseph, and Guiseppe Viola's finger prints and social security number were the same as Joseph Guiseppe.  Dkt. 12-7 at 196; Dkt. 13-7 at 305.  Nevertheless, Guiseppe Viola claims he is not Joseph Viola.  Dkt. 10 at 2-4; Dkt. 14, Ex. 1.  During the Arizona trial, Guiseppe Viola attempted to convince the jury that he was not Joseph Viola, but the jury was not persuaded, finding Guiseppe Viola and Joseph Viola ("Viola") one and the same.  Id.

In San Francisco, Viola's scheme involved representing to victims that he had developed a sophisticated commodities tradings method that could be traced to the Italian Renaissance mathematician Leonard Fibonacci.  Dkt. 10 at 3-4; Dkt. 12-5 at 128-172; Dkt. 12-7 at 306-307.  He told investors he would invest their funds in derivatives based on U.S. Treasury Bill futures and S&P 500 futures.  Dkt. 10 at 3-4.  By Fall 2009, Viola had defrauded victims of $17 million.  Id.  Viola spent the money, including $2 million on the development and marketing of modified Corvette sports cars known as "SV9 Competizione."  Id.  With regard to the SV9 Competizione, Viola had a scheme to fabricate thousands of the vehicles, which he hoped to sell for $100,000 each.  Dkt. 24.  Four were built.  Id.

### C. THE BANKRUPTCY MATTER

One of Viola's largest investors, Morton Kirsch dba Whereco and The Siam Fund, invested $8 million with Viola.  Dkt. 10 at 4.  In 2008, Kirsch became concerned and asked for his money back.  Id.  For a time, Viola made payments to Kirsch, but the payments abruptly stopped.  Id.  On March 16, 2010, after Viola was picked up on the outstanding warrant in Arizona, Kirsch filed an involuntary bankruptcy petition against Viola in the United States Bankruptcy Court, which was later joined by three other victims.  Dkt. 12-1 at 34-35; Dkt. 12-5 at 122-27.  Viola was adjudicated a bankrupt on April 12, 2010, and Janina M. Hoskins ("Trustee") was appointed as his Chapter 7 Trustee in Bankruptcy.  Dkt. 12-6 at 178-79.  On February 22, 2011, Viola filed a withdrawal of reference of

bankruptcy, which is pending before the Court.  Dkt. 1.  Under the Federal Rule of Bankruptcy Procedure 5011(c), filing a withdrawal of reference does not stay the bankruptcy proceedings, unless the bankruptcy court or district court orders it stayed.  No order staying the bankruptcy matter has been issued, and the matter is proceeding.

Under 11 U.S.C. § 704(a)(1), the bankruptcy trustee must "collect and reduce to money the property of the estate."  Consequently, the Trustee arranged a sale of the four SV9 Competizione vehicles to a bidder for $80,000.  In re Viola, Bankr. Case No. 10-30904 DM, Dkt. 270, 271, 276.  Pursuant to 11 U.S.C. 363(b), the Trustee sought approval of the sale from the bankruptcy court by way of a noticed motion.  Id., Dkt. 270, 271.  On March 18, 2011, Viola was served with the motion.  Id.; Dkt. 25, Ex. 1.  On April 15, 2011, the bankruptcy court heard the motion and no objections to the sale were made.  In re Viola, Bankr. Case No. 10-30904 DM, Dkt. 276; Dkt. 24.  On April 19, 2011, the bankruptcy court entered its order authorizing the sale of the vehicles.  In re Viola, Bankr. Case No. 10-30904 DM, Dkt. 270, 271, 276.  No notice of appeal of the order was filed.  Id.  Ultimately, the vehicles were sold for $80,000.  Id.

### D. THE INSTANT MOTION

On April 28, 2011, Viola filed in this Court an emergency order to stay the sale of the vehicles.  Dkt. 19.  Viola contends he did not receive notice of the sale, the sale amount of the vehicles is too low and the bankruptcy court was without authority to approve the sale because of the instant matter pending before this Court.  Id.  On September 16, 2011, the Trustee filed her opposition, arguing that Viola received notice, the sale amount was proper, Viola lacks standing to object to the bankruptcy sale, the order of sale cannot be vacated because it is moot and the motion is improperly before the Court.  Dkt. 24.

## II. DISCUSSION

The Court addresses, in turn, Viola's objections to the order authorizing the sale of the vehicles.

Although Viola asserts that he did not receive notice of the sale of the vehicles, the Trustee has presented proof of service of the motion seeking the bankruptcy court's

approval of the sale, showing that, in fact, Viola was served with notice of the motion. Dkt. 25, Ex. 1. The bankruptcy court records also show that the Trustee filed the proof of service of the motion for approval of the sale with the bankruptcy court. In re Viola, Bankr. Case No. 10-30904 DM, Dkt. 270, 271, 276. Because Viola received notice of the sale, the Court rejects Viola's contention that the sale should be stayed on the ground that he did not receive proper notice.

With regard to the Viola's objections to the price of the sale, the Court finds that Viola lacks standing to object to the sale. Viola does not have standing to object to a sale by the bankruptcy trustee of his assets because he fails to establish that an alternative sale would have returned him to solvency or that the sale otherwise detrimentally affect his rights. Willemain v. Kivitz, 764 F.2d 1019, 1022-23 (4th Cir. 1985) (holding that debtor lacked standing to challenge sale of asset because debtor "failed to demonstrate that an alternative sale . . . would return solvency to his estate"); In re Fondiller, 707 F.2d 441, 441 (9th Cir. 1983) (no standing to challenge order affecting the size of the estate, as such an order does not diminish the debtor's property, increase the debtor's burdens or detrimentally affect the debtor's rights). Furthermore, even if Viola had standing, the bankruptcy court held a hearing and Viola filed no objection to any matter concerning the sale, including the sales price. In re Viola, Bankr. Case No. 10-30904 DM, Dkt. 270, 271, 276. Also, Viola presents nothing more than bald assertions of his belief that the vehicles would "generate nearly $25 million in profits." The evidence in the record establishes that $80,000 was the best offer received for the vehicles after advertisements in the San Francisco Chronicle, Craigslist, and the national auction website of the National Association of Bankruptcy Trustees, i.e., BankruptcySales.com. Id., Dkt. 270 at 2. The Court rejects Viola's request for a stay on the ground that the sales price was inadequate.

Viola's final argument that the bankruptcy court could not approve the sale because the instant withdrawal of reference is pending before the Court is likewise without merit. Under Federal Rule of Bankruptcy Procedure 5011(c) the filing of a withdrawal of reference does not stay the bankruptcy proceeding. Fed. R. Bank. P. 5011(c). Moreover, a

motion for stay is ordinarily presented to the bankruptcy judge before the district court considers the propriety of a stay.  Id.  No stay of the bankruptcy proceeding has been ordered by the bankruptcy court or this Court.  Moreover, the pendency of the current matter did not invalidate the sale of the vehicles.

As a final matter, the Court notes that the Trustee correctly argues that the order of sale cannot be vacated because Viola's failure to obtain a stay of the order authorizing the sale prior to bringing an appeal moots the motion for a stay under 11 U.S.C. § 363(m). Onouli-Kona Land Co. v. Estate Richards, 846 F.2d 1170, 1172 (9th Cir. 1988) ("the trend is towards an absolute rule that requires appellant to obtain a stay before appealing a sale of assets").  This rule exists to protect the interests of good faith purchasers of property. Cmty. Thrift & Loan v. Suchy, 786 F.2d 900, 901-02 (9th Cir. 1985).  Not only did Viola not seek a stay of the order with the bankruptcy court before seeking redress with this Court, Viola has failed to file a notice of appeal.  Also of significance is the vehicles have been sold.  Thus, the mootness rule provides an additional basis for this Court to deny Viola's motion for a stay.

## III.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Viola's motion for an emergency stay of the bankruptcy court's order authorizing the sale of vehicles is DENIED.

2. This Order terminates Docket 19.

IT IS SO ORDERED.

Dated: 10/7/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

et al,

          Plaintiff,

v.

et al,

          Defendant.
_____ /

Case Number: CV11-00817 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine St.
Suite 700
San Francisco, CA 94104

United States Bankruptcy Court Northern District of California
USBC-San Francisco
for the Northern Dist. of CA
235 Pine St
P.O. Box 7341
San Francisco, CA 94104

Giuseppe Viola ULU187
Alameda County Jail
4A4
550 6th Street
Oakland, CA 94607

Judge Dennis Montali
US Bankruptcy Court

1  P.O. Box 7341
   San Francisco, CA 94120-7341
2

3  Dated: October 12, 2011
                                        Richard W. Wieking, Clerk
4
                                        By: LISA R CLARK, Deputy Clerk
5                                       By: LISA R CLARK, Deputy Clerk

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28