UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH JOHN VIOLA, aka GIUSEPPE VIOLA | Case No: C 11-00817 SBA<br><br>Bk. No. 10-30904 DM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO WITHDRAW THE REFERENCE** |

On March 16, 2010, a creditor of convicted fraudster Joseph Viola aka Giuseppe Viola ("Viola"), filed an involuntary bankruptcy Chapter 7 petition against Viola in the United States Bankruptcy Court for the Northern District of California.

Almost a year later on February 22, 2011, Viola commenced the instant action in this Court by filing a motion to withdraw the reference.[1]  Viola filed his motion after a series of adverse rulings were rendered against him by the bankruptcy court judge.  In one of those rulings, the bankruptcy court authorized the sale of four vehicles that were part of the bankrupt estate.  On April 28, 2011, Viola filed a motion to stay Judge Montali's order authorizing the sale of the vehicles. Dkt. 19.  On October 12, 2011, the Court denied the motion, finding, inter alia, that Viola lacked standing to object to the sale, and that his

---

[1] Federal courts have original jurisdiction over civil proceedings arising in or related to bankruptcy cases.  28 U.S.C. § 1334(a); In re McGhan, 288 F.3d 1172, 1179 (9th Cir. 2002).  The district court may refer such matters to a bankruptcy judge.  28 U.S.C. § 157(a); see also N.D. Cal. B.L.R. 5011-1(a) (referring bankruptcy cases under Title II and civil proceedings arising thereunder to the bankruptcy court).  A reference to the bankruptcy court may be subject to a permissive or mandatory withdrawal, depending on the circumstances presented.  See 28 U.S.C. § 157(d).

1  failure to seek a stay order from the bankruptcy court mooted the motion for stay filed in
2  this Court.  Dkt. 32 at 4-5.
3        On November 28, 2011, Viola filed a "Motion for Relief from Order of 7 October
4  2011 Under Rule 60(b)."  Dkt. 35.[2]  A district court has the discretion to reconsider a prior
5  order.  Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or., 5 F.3d 1255, 1262 (9th
6  Cir. 1993).  Rule 60(b) provides for reconsideration only upon a showing of:  (1) mistake,
7  surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void
8  judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which
9  would justify relief.  Fed. R. Civ. P. 60(b).  Reconsideration is an "extraordinary remedy, to
10 be used sparingly in the interests of finality and conservation of judicial resources."  Kona
11 Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).
12       Viola does not specify on which subpart of Rule 60(b) he is relying.  Rather, he
13 makes the novel argument that by reviewing his motion to stay the sale of the vehicles, the
14 Court "necessarily" withdrew the reference from the bankruptcy court.  As such, Viola
15 argues, the Court should dismiss the involuntary Chapter 7 petition filed against him,
16 which, in turn, would obviate the need for a stay order regarding the sale of the vehicles.
17 Dkt. 35 at 3-6.  However, Viola cites no authority—nor is the Court aware of any—holding
18 that a district court's consideration of an ancillary motion filed in connection with a motion
19 to withdraw the reference *automatically* results in the withdrawal of the reference.  Indeed,
20 such a rule is patently inconsistent with 28 U.S.C. § 157(d), which sets forth the standard
21 for the mandatory or permissive withdrawal of a bankruptcy reference.  In addition, Viola
22 has not otherwise presented any basis for the Court's reconsideration of its prior order
23 under any of the grounds set forth in Rule 60(b).
24       Finally, the Court finds that the denial of Viola's motion to withdraw the reference
25 and the dismissal of the action are appropriate.  A court may consider a motion for
26 withdrawal of reference only if it is timely.  See 28 U.S.C § 157(d).  "A motion to withdraw
27
28     [2] The Order was signed on October 7, 2011, but was filed on October 12, 2011.

is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." <u>Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (internal quotation marks omitted).  Here, the involuntary Chapter 7 action was commenced on March 16, 2010.  Yet, Viola waited for almost a year before filing the instant motion to withdraw on February 22, 2011.  Viola has made no showing, nor is any apparent from the record, that extenuating circumstances justify the belated filing of his motion.  Moreover, the docket in the bankruptcy action shows that it has been the subject of significant litigation.  Thus, withdrawing the reference at this juncture, after extensive proceedings already have taken place, would likely have an adverse impact on judicial economy and the administration of justice. <u>See</u> <u>In re Grace Miles</u>, No. C 10-0940 SBA, 2010 WL 3719174, at *2 (N.D. Cal. Sept. 17, 2010) (denying motion to withdraw reference where the debtor waited for almost a year after the commencement of the bankruptcy proceeding before filing her motion) (Armstrong, J.).  Accordingly,

    IT IS HEREBY ORDERED THAT Viola's motion for reconsideration and motion to withdraw the reference are DENIED.  The Clerk shall close the file and terminate all pending matters.

    IT IS SO ORDERED.

Dated: September 28, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge