UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH JOHN VIOLA, aka GIUSEPPE VIOLA | Case No:  C 11-00817 SBA<br><br>Bk. No. 10-30904 DM<br><br>**ORDER**<br><br>Docket 43 |

Presently before the Court are three motions brought by Joseph Viola, aka Giuseppe Viola ("Viola"):  (1) a motion for correction of clerical mistake by oversight and omission under Rule 60(a) of the Federal Rules of Civil Procedure; (2) a motion for relief from the Court's September 28, 2012 Order under Rule 60(b)(4) of the Federal Rules of Civil Procedure ("motion for relief from judgment"); and (3) a motion to dismiss the petition for involuntary bankruptcy with prejudice.  Dkt. 43.  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Viola's motion for correction of clerical mistake, DENIES Viola's motion for relief from judgment, and DENIES Viola's motion to dismiss the petition for involuntary bankruptcy with prejudice.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

On March 16, 2010, a creditor of convicted fraudster Viola filed an involuntary bankruptcy Chapter 7 petition against Viola in the United States Bankruptcy Court for the Northern District of California.  Almost a year later on February 22, 2011, Viola commenced the instant action in this Court by filing a motion to withdraw the reference.

Viola filed his motion after a series of adverse rulings were rendered against him by the bankruptcy court judge. In one of those rulings, the bankruptcy court authorized the sale of four vehicles that were part of the bankrupt estate.

On April 28, 2011, Viola filed a motion to stay Judge Montali's order authorizing the sale of the vehicles. On October 12, 2011, the Court denied the motion, finding, inter alia, that Viola lacked standing to object to the sale, and that his failure to seek a stay order from the bankruptcy court mooted the motion for stay filed in this Court.

On November 28, 2011, Viola filed a "Motion for Relief from Order of 7 October 2011 Under Rule 60(b)." Viola did not specify on which subpart of Rule 60(b) he was relying on. Rather, he made the novel argument that by reviewing his motion to stay the sale of the vehicles, the Court "necessarily" withdrew the reference from the bankruptcy court. As such, Viola argued that the Court should dismiss the involuntary Chapter 7 petition filed against him, which, in turn, would obviate the need for a stay order regarding the sale of the vehicles. However, Viola cited no authority holding that a district court's consideration of an ancillary motion filed in connection with a motion to withdraw the reference *automatically* results in the withdrawal of the reference.

On September 28, 2012, the Court issued an Order denying Viola's motion to withdraw the reference as untimely[1] and dismissed this action. In doing so, the Court rejected Viola's novel argument for relief; noting that granting Viola the relief he requested would be patently inconsistent with 28 U.S.C. § 157(d), which sets forth the standard for the mandatory or permissive withdrawal of a bankruptcy reference. Id. In addition, the

---

[1] The involuntary Chapter 7 action was commenced on March 16, 2010. However, Viola waited almost a year before filing his motion to withdraw on February 22, 2011. In denying the motion, the Court found that Viola failed to show that extenuating circumstances justified the belated filing of his motion. Further, the Court noted that the docket in the bankruptcy action shows that it has been the subject of significant litigation. Thus, the Court concluded that withdrawing the reference, after extensive proceedings already have taken place, would likely have an adverse impact on judicial economy and the administration of justice, citing In re Grace Miles, 2010 WL 3719174, at *2 (N.D. Cal. 2010) (denying motion to withdraw reference where the debtor waited for almost a year after the commencement of the bankruptcy proceeding before filing her motion) (Armstrong, J.). Id.

Court noted that Viola had failed to present any basis for the Court's reconsideration of its prior order under any of the grounds set forth in Rule 60(b).  Id.

On September 9, 2013, Viola filed the following motions:  (1) a motion for correction of clerical mistake by oversight and omission under Rule 60(a); (2) a motion for relief from judgment under Rule 60(b)(4); and (3) a motion to dismiss the petition for involuntary bankruptcy with prejudice.  These motions are addressed below.

## II.   DISCUSSION

### A.   Motion for Correction of Clerical Mistake

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Here, Viola requests an order "correct[ing] the oversight of the clerk having failed to serve a copy of the Order of the court of 28 September 2012."  See Dkt. 43, 44.  However, Viola failed to cite any authority or otherwise demonstrate that a mistake arising from oversight or omission occurred within the meaning of Rule 60(a).  Accordingly, Viola's motion for correction of clerical error is DENIED.[2]

The Court notes that a review of the record reveals that a copy of the Court's September 28, 2012 Order was sent to the Alameda County Jail, which is the address provided by Viola on his motion papers that were filed in connection with that Order.  See Dkt. 35, 39, 40.  The record also reveals that Viola is currently incarcerated in Arizona.[3]  However, it is unclear when Viola's address changed.  This is because Viola failed to file a Notice of Change of Address with the Court as required by Civil Local Rule 3-11.  Thus, the record reflects that Viola did not receive a copy of the Court's September 28, 2012

---

[2] Nevertheless, because Viola claims that he did not receive a copy of the Court's September 28, 2012 Order, the Court will direct the Clerk of the Court to mail a copy of this Order to Viola's current address.  See Fed.R.Civ.P. 77(d) (requiring the clerk to send notice of the entry of judgment to the parties).

[3] Although unclear, it appears that Viola was no longer incarcerated at the Alameda County Jail when the Court's September 28, 2012 Order was mailed to him.

Order because he failed to timely update his address of record, not because of an "oversight of the clerk having failed to serve a copy of the Order."

### B. Motion for Relief From Judgment

Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."  "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).  " 'A judgment is not void merely because it is erroneous.' " Id.

The Court finds that Viola has failed to demonstrate that relief from the Court's September 28, 2012 Order dismissing this action is warranted on the ground that the judgment is void.  Viola has not cited any authority or provided any persuasive argument showing that the Court lacked jurisdiction to enter the Order or acted in a manner inconsistent with due process of law.  Accordingly, Viola's motion for relief from judgment is DENIED.

### C. Motion to Dismiss the Petition for Involuntary Bankruptcy with Prejudice

Viola moves for an order dismissing the petition for involuntary bankruptcy with prejudice.  However, he provides no authority or legal analysis demonstrating that such relief is appropriate.  It is not the role of the Court to make Viola's arguments for him.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); George v. Morris, 736 F.3d 829, 837 (9th Cir. 2013) ("We will not 'do [a party's] work for it . . . by manufacturing its legal arguments. . . .").  Accordingly, Viola's motion to dismiss the petition for involuntary bankruptcy with prejudice is DENIED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Viola's motion for correction of clerical error is DENIED.

2. Viola's motion for relief from judgment is DENIED.

3. Viola's motion to dismiss the petition for involuntary bankruptcy with prejudice is DENIED.

4. The Clerk shall serve Viola with a copy of the Court's September 28, 2012 Order (Dkt. 40) at his address of record.

5. This Order terminates Docket 43.

IT IS SO ORDERED.

Dated: 3/18/2014

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge