UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH JOHN VIOLA, aka GIUSEPPE VIOLA | Case No:  C 11-00817 SBA<br><br>Bk. No. 10-30904 DM<br><br>**ORDER**<br><br>Docket 50 |

On March 16, 2010, a creditor of convicted fraudster Joseph Viola, aka Giuseppe Viola ("Viola") filed an involuntary bankruptcy Chapter 7 petition against Viola in the United States Bankruptcy Court for the Northern District of California.  Almost a year later on February 22, 2011, Viola commenced the instant action in this Court by filing a motion to withdraw the reference.  Viola filed his motion after a series of adverse rulings were rendered against him by the bankruptcy court judge.  On September 28, 2012, the Court issued an Order denying Viola's motion to withdraw the reference as untimely and dismissed this action.  On March 19, 2014, the Court denied Viola's motion for correction of clerical mistake by oversight and omission under Rule 60(a) of the Federal Rules of Civil Procedure, motion for relief from judgment under Rule 60(b)(4), and motion to dismiss the petition for involuntary bankruptcy with prejudice.

On April 21, 2014, Viola filed a request to proceed in forma pauperis on appeal. Title 28 U.S.C. § 1915(a)(3) states:  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge v. United States, 369 U.S.

1  438, 445 (1962)).  An action is "frivolous" for purposes of § 1915 if it lacks any arguable
2  basis in law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989); <u>Franklin v.
3  Murphy</u>, 745 F.2d 1221, 1225 (9th Cir. 1984).

4     Viola's appeal of the Court's order dismissing this action is frivolous.  There is
5  nothing in the record justifying Viola's belated commencement of the instant action.  The
6  record reflects that Viola did not seek to withdraw the reference until almost a year after the
7  involuntary Chapter 7 action was commenced after extensive proceedings in the bankruptcy
8  action had already taken place.

9     For the reasons stated above, the Court CERTIFIES that Viola's appeal is not taken
10 in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  Accordingly, Viola's request
11 to proceed in forma pauperis on appeal is DENIED.  This Order terminates Docket 50.

12     IT IS SO ORDERED.

13 Dated: 4/24/2014

14                                      SAUNDRA BROWN ARMSTRONG
                                     United States District Judge